Eli Raitport, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs, February 8, 1979, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Eli Raitport,* petitioner, for himself.

*Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 5, 1979:

Eli Raitport (Petitioner) appeals from a decision of the Department of Public Welfare (DPW) affirm-

ing the action of the Philadelphia County Board of Assistance (Board) in redetermining the amount of money Petitioner should pay for food stamps. Because the Board found that Petitioner did not validate his rental expenses, no deduction for that expense was allowed and the amount Petitioner would be required to pay for $26.00 of food stamps was increased from $3.00 to $16.50.

Petitioner raises two issues for our consideration:[1] whether DPW violated his Federal and State Constitutional rights in requiring that his rent receipts bear a signature of a natural person and whether DPW erred in demanding that Petitioner reveal the identities of the officers of Scientronic Corporation, his alleged lessor. Finding no merit to either argument, we affirm.

Numerous regulations relating to public assistance and related programs, such as the food stamp program, require that information provided to DPW officials in determining or redetermining eligibility for benefits must be verified and that the burden of proving that the eligibility requirements have been met is upon the applicant. See 55 Pa. Code §§125.21, 133.23, 201.1 and 205.3. Verification may be accomplished in a number of ways. 55 Pa. Code §205.3. Whatever method is used, however, it must be sufficient to prove to Board personnel that the expenditure is valid. In fact, federal regulations relating to the food stamp program authorize the states to deny or terminate food stamp allocations if an applicant refuses to cooperate in providing the information necessary for making an eligibility determination. 7 C.F.R. §271.3.

---

[1] In its brief, DPW argues that the only issue before us is whether the decision of the Board was supported by the record. We agree with DPW that that order is supported by substantial evidence but since Petitioner has not argued the question of substantial evidence, there is no need to further discuss that issue.

In the instant case, the only evidence offered by Petitioner to verify his monthly rental consisted of ten pieces of Scientronic Corporation stationery with words typed thereon indicating that a specified sum was received for a specified month. At the end of each statement the words "Scientronic Corporation" were typed. Nothing else appeared on the paper. The Board refused to accept the receipts as verification of Petitioner's rental payments, not only because they were not signed but also because Petitioner admitted typing the receipts himself and because there was at least some question as to whether the Petitioner, in fact, owned the house he claimed to be renting. In any event, there is nothing in the record of this case nor in the regulations which govern its outcome which violate any of the Petitioner's constitutional rights in any manner whatsover.

Petitioner's second argument has even less merit than the first. While the record plainly discloses that Petitioner was asked who the principals were in the Corporation (an inquiry we judge to be perfectly legitimate under the circumstances of this case), nowhere does it appear that either the Board or the DPW "demanded" the names of the principals. Rather, it appears that the inquiry was directed as to whether or not the Petitioner was a principal, a question which for reasons best known to the Petitioner he did not answer. In any event, the Board's adjudication is based solely upon the Petitioner's failure to verify his rental payments.

Order affirmed.

### Order

And Now, this 5th day of April, 1979, the order of the Department of Public Welfare, dated December 6, 1977, is affirmed.